IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WANDA TURNER                                                  PLAINTIFF

V.                                             CAUSE NO.: 1:13CV001-SA-DAS

AURORA AUSTRALIS LODGE, a/k/a
AURORA AUSTRALIS LODGE, LLC;
VANGUARD HEALTH CARE SERVICES, LLC
and JOHN DOE DEFENDANTS 1-10                                  DEFENDANTS

MEMORANDUM OPINION

Plaintiff worked as a Certified Nursing Assistance (CNA) at the Columbus, Mississippi, Aurora Australis facility. She was discharged in October of 2011, and subsequently filed an EEOC Charge in January of 2012. After receiving her Right to Sue letter, Plaintiff filed suit in this court. Defendants seek dismissal of Counts 3, 5, 6, and 7 for various reasons. After reviewing the motions, responses, rules and authorities, the Court finds as follows:

*Factual and Procedural Background*

As noted above, Plaintiff was hired as a CNA in December of 2001. She was allegedly discharged on October 7, 2011, for causing a work stoppage. Her EEOC Charge alleges that at the time of her discharge, Plaintiff was fifty-two years old, and in an effort to save money, Aurora Australis began laying off older workers who would, under the union contract, qualify for $11.00 an hour, while younger CNAs could be paid $8.00 an hour. Plaintiff also claims she was retaliated against for making union complaints and/or calls to the Attorney General's Office against the Director of Nursing and the Administrator for failing to investigate misconduct against a resident. Plaintiff specifically checked the boxes for "Age" and "Retaliation" on the EEOC Charge.

Plaintiff's complaint alleges she was terminated because of her race in violation of Section 1981 and Title VII and suffered a hostile work environment because of her age. Additionally, she alleges Defendants intentionally inflicted emotional distress on her and used "outrageous and revolting . . . slanderous language . . . toward the plaintiff."

Defendants seek dismissal of Plaintiff's race discrimination claim under Title VII and her hostile work environment allegations under the Age Discrimination in Employment Act (ADEA) for Plaintiff's failure to exhaust her administrative remedies. Further, Defendants contend Plaintiff failed to state a claim for either state law causes of action, or alternatively, did not file her state law claims within the statute of limitations necessary.

*Discussion and Analysis*

1. <u>Failure to Exhaust</u>

    a. *Race Discrimination Claim*

Defendants contend Plaintiff failed to sufficiently allege a race discrimination claim under Title VII in her charge to the EEOC. Indeed, Plaintiff did not check the box for race discrimination on her Charge filed with the EEOC. Plaintiff did not raise any objection or argument as to Defendants' contention that she failed to exhaust her administrative remedies as to this claim. Because a race discrimination claim cannot be said to have been reasonably expected to grow out of Plaintiff's charge of age discrimination, this claim was not exhausted and is therefore, dismissed. <u>Pacheco v. Mineta</u>, 448 F.3d 783, 789 (5th Cir. 2006)

    b. *Hostile Work Environment Claim*

Plaintiff asserts that she was subjected to a hostile work environment because of her age. Hostile work environment claims are cognizable under the ADEA, <u>Dediol v. Best Chevrolet, Inc.</u>, 655 F.3d 435, 441 (5th Cir. 2011); however, any ADEA claim must be administratively

exhausted. See 29 U.S.C. § 626(d) (prohibiting the filing of any civil action pursuant to the ADEA until "after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission"). Plaintiff asserts she exhausted her administrative remedies as to her hostile work environment claim because there was no particular box to check to allege hostile working environment and that that claim would fall under her retaliation claim.

A claim is sufficiently exhausted where it falls within "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" Pacheco, 448 F.3d at 789 (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)). On Plaintiff's EEOC Charge, she marked the "age" discrimination and "retaliation" boxes. She explained that she was terminated because her age qualified her for a higher hourly wage and she filed union grievances and called the Attorney General's office regarding patient care. No allegations of hostile work environment exist on the face of the Charge. After reviewing the Charge, the Court is convinced that a hostile work environment charge could not reasonably be expected to have grown out of her charge of age discrimination and retaliation. Therefore, the claim was not exhausted and is dismissed.

2. State Law Claims – Motion to Dismiss Standard

Defendants assert that Plaintiff has failed to meet the pleading standards for her state law causes of action. Plaintiff alleges in her Complaint that the "defendants' conduct evokes such outrage and revulsion, and was done intentionally, . . . such as to constitute intentional infliction of mental and emotional distress." Moreover,

> [t]he nature of their acts themselves, and their behavior, gives impetus to the legal redress. The acts of the employees of Aurora Australis Lodge, and all the defendants, either directly or through vicarious liability, invoke outrage and revulsion. Such conduct of the defendants constitutes intentional infliction of emotional stress for which the results, at the very least were reasonably foreseeable.

3

Plaintiff also pleads the following as her entire claim for slander: "The outrageous and revolting use of slanderous language by the defendants towards the plaintiff constitutes slander for which appropriate damages are sought."

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. 1937 (quoting FED. R. CIV. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008) (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

Plaintiff has failed to meet this burden as to her state law claims. Based on the conduct alleged throughout her complaint, there is no facial plausibility that the Defendants' conduct

raises to the level of extreme and outrageous such that their actions constitute the intentional infliction of emotional distress. Plaintiff's bare recitation of the elements of such a claim does not save it from dismissal. Moreover, Plaintiff's conclusory allegations regarding slander without alleging what statements were made, who they were made to, and why they were slanderous cannot support a claim. Accordingly, based on the standard for evaluating claims pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's claims for intentional infliction of emotional distress and slander are dismissed.

　　　　3. State Law Claims – Statute of Limitations

Even if the Court were to determine that Plaintiff's pleading of her state law claims surpassed the Twombly/Iqbal inquiry, Plaintiff's claims do not survive the statute of limitations for such actions. Mississippi law provides that claims of slander and intentional infliction of emotional distress must be filed within one year after the cause of such action accrued. See Miss. Code Ann. § 15-1-35 ("All actions for . . . slanderous words concerning the person or title . . . shall be commenced within one (1) year next after the cause of such action accrued, and not after"); Jones v. Fluor Daniel Servs. Corp., 32 S. 3d 417 (Miss. 2010) (holding that the tort of intentional infliction of emotional distress is of like kind or classification as the torts enumerated in Section 15-1-35, thus, it too caries a one-year statute of limitations).

The latest date alleged for interaction between Plaintiff and Defendants was her termination date, October 7, 2011. Because this action was not filed until January 31, 2013, Plaintiff failed to file her state law claims within the one year statute of limitations as required by Mississippi law. Plaintiff further failed to contest the implications of the one year statute of limitations when argued by Defendants. Thus, the state law claims are dismissed.

*Conclusion*

Plaintiff has failed to exhaust her administrative remedies as to her race discrimination claims and her hostile work environment claim. Moreover, the Court finds that Plaintiff has failed to state a claim for intentional infliction of emotional distress or slander. Alternatively, Plaintiff's state law claims are barred by the one year statute of limitations found in Mississippi Code Section 15-1-35.

Therefore, Counts 3, 5, 6, and 7 of Plaintiff's Complaint are DISMISSED, and Defendants' motions to dismiss are GRANTED.[1]

SO ORDERED, this the 10th day of September, 2013.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

---

[1] To the extent that Defendant Vanguard Health Care Services contends the Court lacks jurisdiction over that entity, the motion to dismiss [11] is DENIED.