IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WANDA TURNER                                                                                      PLAINTIFF

V.                                                         CAUSE NO.: 1:13CV001-SA-DAS

AURORA AUSTRALIS LODGE, a/k/a
AURORA AUSTRALIS LODGE, LLC;
VANGUARD HEALTH CARE SERVICES, LLC
and JOHN DOE DEFENDANTS 1-10                                DEFENDANTS

ORDER ON SANCTIONS

Plaintiff has filed a Motion for Sanctions pursuant to Federal Rules of Civil Procedure due to Defendant Vanguard Healthcare Services filing of a misleading affidavit in support of a motion. Vanguard originally filed a Declaration of its President asserting that the Court did not have personal jurisdiction over Vanguard because it lacked business contacts with the State of Mississippi. Plaintiff then submitted evidence contradicting those averments in its response. Indeed, Vanguard does not dispute that the affidavit was not correct, but asserts that it mistakenly believed the company lacked appropriate contacts with the State and moved to withdraw the jurisdictional arguments and the declaration from the record. Vanguard asserts that because it asked for that declaration to be withdrawn, there is no basis to impose sanctions.

Rule 11 of the Federal Rules of Civil Procedure provides that by submitting to the court a pleading, written motion, or any other paper, a party certifies that it is not presented for improper purposes (such as harassment or needless delay and costs), that legal contentions and claims or defenses are supported by law and are not frivolous, and that all allegations in the paper submitted likely will be found to have evidentiary support. FED. R. CIV. P. 11(b). Rule 11 also allows a court, after notice and opportunity to respond, to impose an "appropriate sanction" on a party for violating Rule 11(b). FED. R. CIV. P. 11(c). Such sanctions are limited by the Rule to

whatever sufficiently deters the offensive conduct, but may include orders to pay attorney's fees and other expenses. Id.; Castillo v. Blanco, 330 F. App'x 463, 468 (5th Cir. 2009) (finding that where affidavit filed contained false information, Rule 11 sanctions were appropriate). However, Rule 11 prohibits motions for sanctions being filed where the "challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Because Vanguard submitted the contested declaration on March 12, but failed to withdraw that defense until July 1, the Court finds that the prohibition against filing a motion seeking sanctions to be inapplicable here.

Based on the evidence submitted by the Plaintiff and Vanguard's own admission, the Court finds that the affidavit filed in support of Vanguard's Motion to Dismiss contained averments of fact that were misleading and without evidentiary support. Those unsubstantiated facts founded a legal defense that proved to be frivolous. The Court finds that the imposition of sanctions for such violation is appropriate and will deter such offensive conduct in the future. Accordingly, Rule 11 sanctions are appropriate.

Plaintiff shall present to the Court within fourteen (14) days an accounting of its reasonable expenses, including attorney's fees, required to respond to Vanguard's Motion to Dismiss, as well as file the Motion for Sanctions. Vanguard shall have seven (7) days thereafter to respond if they so choose.

SO ORDERED, this the 12th day of September, 2013.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**