IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WANDA TURNER                                                                                    PLAINTIFF

V.                                                                      CAUSE NO.: 1:13CV001-SA-DAS

AURORA AUSTRALIS LODGE, a/k/a
AURORA AUSTRALIS LODGE, LLC;
VANGUARD HEALTH CARE SERVICES, LLC
and JOHN DOE DEFENDANTS 1-10                                                         DEFENDANTS

ORDER ON SANCTIONS

On September 12, 2013, this Court granted sanctions to the Plaintiff based on Vanguard's attorneys' misstatements of fact in the Motion to Dismiss. The Court instructed Plaintiff to "present to the Court within fourteen (14) days an accounting of its reasonable expenses, including attorney's fees, required to respond to Vanguard's Motion to Dismiss, as well as file the Motion for Sanctions." Plaintiff has provided an accounting of expenses and attorney's fees it contends she incurred in the filing of her response to Vanguard's Motion to Dismiss, filing of the Motion for Sanctions, and reply to that motion. In addition to the $8,650.00 attorney's fee request, Plaintiff additionally asks the Court to impose $5,000 in sanctions to deter such conduct in the future.

Rule 11 provides that, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c)(1). This rule is "aimed at curbing abuses of the judicial system," Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990), and is designed "to reduce the reluctance of courts to impose sanctions by emphasizing the responsibilities of attorneys and reinforcing those obligations through the imposition of sanctions," Thomas v. Capital Sec. Services, Inc., 836 F.2d 866, 870 (5th Cir. 1988). Along those lines, attorneys are

required to sign "[e]very pleading, written motion, and other paper" and must certify to the best of their knowledge-formed after an inquiry reasonable under the circumstances-that allegations and other factual contentions submitted to the court have evidentiary support. See FED. R. CIV. P. 11(a), (b)(3); Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 263-64 (5th Cir. 2007); see also Skidmore Energy, Inc. v. KPMG, 455 F.3d 564, 567 (5th Cir. 2006) (stating that an attorney has a duty "to conduct a reasonable inquiry into the facts or law before filing the lawsuit" (internal quotations omitted)). These obligations are "personal [and] nondelegable," Pavelic & LeFlore v. Marvel Entm't Group, 493 U.S. 120, 126, 110 S. Ct. 456, 107 L. Ed. 2d 438 (1989), and they "must be satisfied; [a] violation ... justifies sanctions." Whitehead v. Food Max of Miss., Inc., 332 F.3d 796, 802 (5th Cir. 2003); Worrell v. Houston Can! Acad., 287 F. App'x 320, 325 (5th Cir. 2008).

Rule 11 provides:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

FED. R. CIV. P. 11(c)(4). District courts are given considerable discretion in determining the appropriate sanction to impose on a party that violates Rule 11. See Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 876-77 (5th Cir. 1988) (en banc). "District courts may choose to deter individuals who violate Rule 11 with monetary sanctions. One benefit of monetary sanctions is that they may be imposed exclusively against the attorney, thereby avoiding punishment of the client for attorney misconduct." Id. at 877.

"Whatever the ultimate sanction imposed, the district court should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such purpose."

Thomas, 836 F.2d at 878. For example, an admonition by the court may be an appropriate sanction, in instances where the attorney's sanctionable conduct was not intentional or malicious, where it constituted a first offense, and where the attorney had already recognized and apologized for his actions. E.g., In re Kelly, 808 F.2d 549, 552 (7th Cir. 1986) (issuing a formal warning because "the [offending paper] was clumsily rather than dishonestly drafted, and … counsel ha[d] … acknowledged [the deficiency] … and has assured us that [he] will not in the future make inadequately substantiated statements in court filings"); see also Traina, 911 F.2d at 1158. On the other hand, sanctions should be sufficient to deter repetition of similar conduct. See FED. R. CIV. P. 11(c)(4).

In situations similar to the case here, district courts have found it proper to award attorney's fees and expenses incurred in responding to fruitless motions and in filing appropriate motions for sanctions. See Worrell, 287 F. App'x at 326 (affirming district court's grant of $6,000 for twelve hours of work at a rate of $500.00 per hour against plaintiff's law firm to have improperly named defendant dismissed); Marceaux v. Lafayette Consol. Gov't, 2014 U.S. Dist. LEXIS 50649, 32-33 (W.D. La. Jan. 9, 2014) (imposing $2,500 award for attorney's fees for hours spent writing briefs and opinions as well as ten hours spent in hearings dealing with erroneous allegations raised in the pleadings); TXCAT v. Phoenix Group Metals, LLC, 2010 U.S. Dist. LEXIS 132614 (S.D. Tex. Dec. 14, 2010) (awarding fees and expenses incurred in Defendant's preparation and filing of their reply and the motions for sanctions).

Here, the Court noted in its Order on Sanctions that Rule 11 penalties may be appropriate to deter the offensive conduct; however, here it is not necessary. Vanguard's attorney submits it made an honest mistake, and the Court finds the imposition of attorney's fees and expenses

against the law firm representing Vanguard to be the least severe sanction to satisfy the requirements of Federal Rule of Civil Procedure 11.

Turner's attorney submitted that he invested 34.60 hours in researching and preparing Turner's response to the Motion to Dismiss, the Motion for Sanctions, and the Reply to the Motion for Sanctions. Vanguard submits that $8,650.00 in attorney's fees is excessive for filing a total of twelve pages. As pointed out by Vanguard, the Motion for Sanctions appears to be essentially the same document as the response to the Motion to Dismiss.

The Court finds that the requested fee of $8,650.00 for preparing those documents is not reasonable. After reviewing the filings and noting that no case law was cited or legal research noted on the time sheet, the Court finds that the documents could be researched, drafted, reviewed, and revised in 9.5 hours as opposed to 34.60. Indeed, Plaintiff claims 26.6 hours solely to work on his response to the Motion to Dismiss. The Court finds it more appropriate to award attorneys' fees for six of those hours as two pages of the less than eight page response were directly copied from Vanguard's affidavit, and no case law was cited. Reviewing the reply to Plaintiff's response in which Defendant admitted to making a mistake should have only amounted to 0.5 hours of billable time. The Court further notes that Plaintiff filed a Rebuttal to Vanguard's Reply without leave of Court; therefore, the three hours attempted to collect for researching and working on that response is unrecoverable as well. Accordingly, the Court finds compensable 9.5 hours at the uncontested rate of $250 for a total of $2,375.00. See Lawrence v. Morris, 2011 U.S. Dist. LEXIS 3087 (W.D. La. Jan. 11, 2011) (citing with approval the calculation of reasonable attorney's fees and costs under the "Lodestar method").

The law firm representing Vanguard shall personally tender payment of $2,375.00 to Plaintiff's attorney within twenty-one days of the date of this Order.

SO ORDERED, this the 22nd day of October, 2014.

                                                     **/s/ Sharion Aycock**
                                                     **U.S. DISTRICT JUDGE**